## EDWARD B. SPRAGUE
### v.
## HENRY F. LUX.

INJUNCTION ENJOINING JUDGMENT AT LAW.—Section 7 of the R. S., Chap. 69, declares that, "only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay and so much as shall be sufficient to cover costs." Although in this case there might have been a technical defense to the action on the notes, yet as the evidence is very clear that at the time the two injunctions were issued there was equitably due appellant the full amount for which the judgment had been rendered, the decree is reversed and the court below is instructed to dissolve the injunction and dismiss the bill.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed January 16, 1883.

Mr. J. O. CUNNINGHAM, for appellant ; that the terms of a written contract can not be waived or changed by verbal promises made at the time of entering into the same, cited Kirkpatrick v. Taylor, 43 Ill. 207 ; Walker v. Crawford, 56 Ill. 444 ; Miller v. Wells, 46 Ill. 46 ; Harlow v. Boswell, 15 Ill. 56.; Weaver v. Fries, 85 Ill. 356.

In chancery as well as at law, allegations must be certain, specific and proofs should correspond : Fitzpatrick v. Beatty, 1 Gilm. 454.

Pleadings are taken most strongly against the party making the plea: Happy v. Morton, 33 Ill. 398; West v. Schnebly, 54 Ill. 523.

As to the effect of an alteration in a written instrument : Vogle v. Ripper, 34 Ill. 100 ; Elliott v. Blair, 47 Ill. 342 ; Matteson v. Ellsworth, 33 Wis. 488; Gordon v. Robertson, N. W. Rep. March 6, 1880.

Mr. J. S. WOLFE and Mr. E. W. GRAY, for appellee ; cited Burwell v. Orr, 84 Ill. 465 ; Hubbard v. Hobson, Breese, 147 ; Arden v. Patterson, 5 John. 44.

Although a witness is shown to have knowingly testified

falsely to a material fact, yet such portions of his testimony as may be corroborated by other evidence should not be rejected: Crabtree v. Hagenbaugh, 25 Ill. 240 ; C. & A. R. R. Co. v. Buttolf, 66 Ill. 347.

DAVIS, P. J. Appellee commenced two separate chancery suits against appellant, in which injunctions were issued, enjoining and restraining him from collecting the several judgments obtained by him against appellee on two promissory notes.

One judgment was for $143.45, rendered March 5, 1880, on a note executed March 31, 1879, by Lux to Sprague for $130.77, due eight months after date, with ten per cent. interest, and the other for $104, rendered on same day on a note executed March 31, 1879, by George W. Myers as principal and Henry F. Lux, as surety, to E. B. Sprague & Co., for $95.32, due eight months after date, with ten per cent. interest.

When these judgments were rendered, each note contained a power of attorney to confess a judgment, and each contained a stipulation for an attorney's fee of five dollars.

The judgments were rendered by confession on the power given in the notes.

The grounds upon which appellee sought to enjoin the collection of the two judgments were, that appellant promised not to use the notes for the purpose of obtaining judgments on them by confession, but mainly, however, on the ground that the notes had been altered without the knowledge or consent of Lux or Myers after they had been delivered, by inserting in each one, provision of an attorney's fee of five dollars.

Before the hearing the two causes were consolidated by order of the court below, and on the hearing, a separate finding was made in each case, and a separate decree making the injunction in each case perpetual.

The evidence offered by the parties as to an alteration of the notes after execution was very conflicting; but as we view the case it was unimportant how such question might be determined. A calculation of the amount due on the notes, of principal and interest, when the judgments were

rendered, shows that the attorneys' fees were not included in the judgment. And even though there might have been a technical defense to the action on the notes, yet the evidence in this case is very clear that at the time the two injunctions were issued, there was equitably due appellant the full amount for which the judgments had been rendered.

The statute governing the granting of injunctions is peremptory, without reference to the validity of a judgment, that "Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs." R. S. 1874, sec. 7, p. 579.

The decree, therefore, must be reversed and remanded with instructions to the court below to dissolve the injunction and dismiss the bills.

Decree reversed and remanded.